Strafford,  }
May 2, 1916.  }

WILLIAM S. PIERCE & a.  v.  HENRY D. YEATON & a.

The officers of a non-manufacturing foreign corporation, which fails to make the returns required of domestic corporations by P. S., c. 150, ss. 1, 13, 14, 16, and by P. S., c. 148, s. 21 as amended by Laws 1911, c. 159, s. 1, are not subject to the individual liability imposed upon the officers of domestic corporations.

No individual liability is imposed upon the officers of a foreign corporation by reason of its failure to file copies of all printed reports with the librarian of the state library as required by P. S., c. 148, s. 20 and Laws 1895, c. 3, s. 6.

ASSUMPSIT, to recover for personal services rendered and money expended by the plaintiffs for the Winnipesaukee Company, a Maine corporation, having its principal place of business at Alton in this state. The services were rendered for the most part in this state, some being rendered in Massachusetts. The defendants were directors of the corporation, and one of them was its treasurer. The plaintiffs in their declaration allege in substance, that the money expended and services rendered were at the request of the company, and that payment therefor was refused upon demand; that the defendants, as directors and officers of the Winnipesaukee Company, have neglected and failed to make any annual return, or any return whatsoever to the secretary of this state, or to the town clerk of Alton, of the standing and business of the corporation, and of all other matters, as required by sections 1, 13, 14 and 16 of chapter 150 of the Public Statutes, as amended by section 1,

chapter 159, Laws 1911; and that the defendants by their neglect and failure to make returns, became liable to the plaintiffs, for the payment of their claim, but have refused to pay the same, although requested to do so.

To the declaration, two of the defendants filed the following demurrer:

"Now come the defendants, John F. McDonald and Clifton Loring, and demur to the plaintiffs' writ and declaration contained, and for reasons therefor aver:

"1st. Because it does not appear from the plaintiffs' writ, that the Winnipesaukee Company is a corporation organized under the laws of the state of New Hampshire, and therefore the statute declared upon has no reference to said corporation and imposes no liability upon the defendants as officers of said corporation.

"2nd. Because it does not appear from the plaintiffs' writ and declaration, that the plaintiffs have made any demand upon the corporation for payment of the sum sought to be recovered in this action.

"3rd. Because it does not appear from the plaintiffs' declaration that the plaintiffs have taken proper proceedings against the corporation, such as would permit the maintenance of this action.

"4th. Because Winnipesaukee Company is not made a party to this action.

"5th. Because said statute declared upon by the plaintiffs is unconstitutional, as tending to impair the obligation of a contract.

"6th. Because the state of New Hampshire cannot impose liability upon the officers of a foreign corporation except for such bills as are contracted within the state."

Transferred without a ruling from the September term, 1915, of the superior court by *Sawyer,* J.

*Pierce & Galloway* and *Mathews & Stevens,* for the plaintiffs.

*Everett W. Crawford* (of Massachusetts) and *William J. Britton* (*Mr. Crawford* orally), for the defendants.

PLUMMER, J. The Winnipesaukee Company, of which the defendants are directors, is a corporation organized under the laws of Maine, and it is, therefore, claimed by the defendants that the statutes of this state upon which the action is brought have no reference to this corporation, and impose no liability upon the defendants as officers of it. The contention of the plaintiffs is, that the

defendants are individually liable under chapter 150 of the Public Statutes by reason of the failure of the officers of the company to make the returns required by said chapter.

Chapter 150 refers only to corporations organized under the laws of this state, but section 21, chapter 148 of the Public Statutes provides that "manufacturing corporations not established by the laws of this state doing business in the state are authorized and empowered to acquire, hold, and convey real and personal property, and shall conform to the laws of the state as to returns and taxation, the same as domestic corporations." And so the plaintiffs contend that the officers of the Winnipesaukee Company, although a foreign corporation, were required to make the returns prescribed by chapter 150, the same as a domestic company. But section 21 only requires foreign manufacturing corporations to conform to the laws of this state as to returns and taxation. It is not alleged in the plaintiffs' declaration, and it does not appear that the Winnipesaukee Company is a manufacturing corporation, and it cannot be assumed that it is. Consequently section 21, upon which the plaintiffs rely, has no application to their action as set forth in the declaration.

The brief of the plaintiffs indicates that they further rely upon section 20, chapter 148 of the Public Statutes, and section 6, chapter 3, Laws of 1895, that require corporations to file copies of all printed reports issued by them, with the librarian of the state library. The fact that it does not appear that the Winnipesaukee Company ever issued any printed reports would be a sufficient answer to the claim of the plaintiffs, that the defendants are liable under these sections for not filing them.

Aside from this, a reference to the acts and their titles, that include the above sections, will disclose that they were passed simply to aid the state library in preserving the printed financial reports of corporations. There is nothing in these acts that makes officers of a corporation individually liable for its debts on failure to comply with their provisions.

As there is no statute that requires foreign corporations not engaged in manufacturing to make any returns, and as it does not appear that the Winnipesaukee Company is a manufacturing corporation, the demurrer must be sustained.

There is, therefore, no occasion to consider other objections that are urged by the defendants against the plaintiffs' action.

*Demurrer sustained.*

All concurred.